IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH M. JONES                                                                               PLAINTIFF

VS.                                                        CIVIL ACTION NO. 1:18-cv-281-CWR-FKB

THE MISSISSIPPI SECRETARY OF STATE,
DELBERT HOSEMANN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
CARLA THORNHILL, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY;
DOUG DAVIS, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY; KIM TURNER,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY; AND JOHN DOES 1-10                                                           DEFENDANTS

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This lawsuit asserts claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, Title VII of the 1964 Civil Rights Act, and "Mississippi common law," all of them arising from two employment decisions by the Mississippi Office of Secretary of State. First, the Secretary of State's Office in June 2016 selected someone other than Plaintiff Kenneth M. Jones for a vacant post. Second, the agency terminated Mr. Jones' employment the following October 30 for violation of office policies. Given well-settled immunity law protecting public officials from liability, the Complaint's failure to set forth specific factual allegations regarding the conduct of the individual defendants, and Mr. Jones' failure to contest his termination at the Equal Employment Opportunity Commission ("EEOC"), Rule 12(b)(6) requires dismissal of all claims other than his Title VII failure-to-promote action against the agency.

## FACTS

Mr. Jones, an African American, worked at the Mississippi Secretary of State's Office as a Lobbying Compliance Officer. *See* Complaint, at ¶11. He applied in 2016 for another job at

255845.1

the agency but was not selected. *Id.* Instead, the Complaint alleges, the agency in May 2016 filled the position with a white male who had "less education" and "less experience" than Mr. Jones. *Id.* at ¶13.

This promotion decision was the only subject of a Charge of Discrimination Mr. Jones filed with the Equal Employment Opportunity Commission ("EEOC") on June 14, 2016. *Id.* at ¶14 & Ex. A. The EEOC issued its Letter of Determination on July 20, 2017. Id. at ¶15.

Months later, on October 30, 2017, Mr. Jones' employment was terminated for violations of office policies. Id. at ¶21. Mr. Jones has not filed an EEOC Charge of Discrimination regarding the termination decision. However, the Complaint claims that the Secretary of State's decisions not to promote Mr. Jones and subsequently to terminate him amount to unlawful employment discrimination under Title VII; racial discrimination under § 1981; and violations of the First and Fourteenth Amendments that are actionable under § 1983.

## **STANDARD**

Defendants' motion requests dismissal under Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) standard requires a court to accept "well-pleaded" facts in the Complaint as true. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

This "pleading standard…does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint fails to state a claim upon which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Amplifying this holding, the *Iqbal* Court stated:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678. Thus, allegations in a Complaint "are not entitled to the assumption of truth" if "they are no more than conclusions." *Id.* at 679. The Court may "assume the veracity" of only "well-pleaded factual allegations" in considering "whether they plausibly give rise to an entitlement to relief." *Id.*

In addition to the Complaint's factual allegations, a court at the Rule 12 stage may also consider certain documents outside the pleadings. First, the Court may consider matters of public record in resolving a motion to dismiss. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss under Rule 12(b)(6)). Also, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## ARGUMENT

As a matter of law, no set of facts would allow Mr. Jones to assert viable claims against any of the defendants under 42 U.S.C. § 1981, against the agency or the official-capacity defendants under 42 U.S.C. § 1983, or against the official-capacity or individual-capacity officers under Title VII. His Complaint lacks any of the detailed factual allegations required to

overcome the individual-capacity defendants' qualified immunity against § 1983 claims. His Title VII claims are also ineffective as to the officers in their official and individual capacities, and Mr. Jones has failed to exhaust administrative remedies relative to his termination claim against the agency. In sum, his Complaint presents no tenable claim other than a Title VII claim for failure to promote. The Court should dismiss all of the others with prejudice.

> **I.        Mr. Jones may not bring § 1981 claims against state agencies or officers.**

Mr. Jones may not bring any claim against the defendants under 42 U.S.C. § 1981; rather, he must win or lose those claims under 42 U.S.C. § 1983. In *Jett v. Dallas Independent School District*, the Supreme Court held that Congress intended § 1983 to be the sole remedy for race discrimination by persons acting under color of state law: "[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." 491 U.S. 701, 735, (1989); *id.* at 731 ("When suit is brought against a state actor, § 1983 is the exclusive federal remedy for violation of the rights guaranteed in § 1981."). Thus, "plaintiffs must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981." *Oden v. Oktibbeha County*, 246 F.3d 458, 462–63 (5th Cir. 2001). Additionally, a plaintiff may not pursue a § 1981 action stemming from employment decisions against state officers in their individual capacities. *Id.* at 464-65. Therefore, Mr. Jones' § 1981 claims against the agency, the official-capacity defendants, and the individual-capacity defendants must all be dismissed.

> **II.       Mr. Jones' § 1983 claims cannot overcome the defendants' Eleventh Amendment immunity and qualified immunity.**

The Complaint's § 1983 claims, meanwhile, are subject to dismissal for several reasons. First, the Eleventh Amendment absolutely bars federal-court § 1983 suits against state agencies

or state officers acting in their official capacities, except for suits against the latter category of defendants for prospective injunctive relief.[1]  Second, the individual-capacity defendants possess qualified immunity which the Complaint, with its conclusory assertions regarding the Defendants' conduct, is insufficient to overcome.

### A. The Eleventh Amendment prohibits plaintiffs from imposing §1983 liability on a state agency or official-capacity state officers.

The Eleventh Amendment to the United States Constitution bars all of Mr. Jones' claims against the Office of Secretary of State and against the four individual officers he has sued in their official capacities. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Although the terms of the Eleventh Amendment nominally apply only to suits by "Citizens of another State," Supreme Court decisions have made clear that a State's immunity encompasses "suits by citizens against their own States." *See, e.g., Bd. Of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 356, 363 (2001) (citations omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). That is, the Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 351 U.S. at 363. The immunity granted to the State extends also to a state agency or department and cannot be avoided by suing an arm of the state or a state agency. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). Additionally, the Eleventh Amendment precludes

---

[1] Because Mr. Jones requests only an injunction and order "permanently restraining" the Defendants from unspecified conduct, the Complaint contains no recognizable claim for *prospective* injunctive relief.

suits in federal court against state officials named in their official capacities because such suits are essentially claims against the State. *See, e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989)[2]. There is only one exception to this immunity: state officials may be sued in their official capacity for prospective injunctive relief. *See, e.g., Ex parte Young*, 209 U.S. 123 (1908)[3].

A state can only be stripped of its Eleventh Amendment immunity by waiver or when Congress, under Section 5 of the Fourteenth Amendment, chooses to abrogate the States' immunity. *Garrett*, 351 U.S. at 363-64. For instance, the Eleventh Amendment will not bar a suit under Title VII given that Congress has abrogated the States' immunity from liability for violations of that statute. *See, e.g., Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 n. 1 (5th Cir. 2002) (finding that the Fifth Circuit has "long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII"). Congress, however, did not abrogate the States' immunity for suits brought pursuant to § 1983. *Howlett v. Rose*, 496 U.S. 356, 364 (1990); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Will*, 491 U.S. at 71. The same is true of suits under § 1981. *See Hines v. Mississippi Dep't. of Corrections*, 239 F.3d 366 (5th Cir.2000); *Dear v. Jackson State Univ.*, No. 3:07-cv-407-WHB-LRA, 2008 WL 4225766, at *4 (S.D. Miss. Sept. 10, 2008) (finding that JSU was entitled to immunity as to plaintiff's Section 1981 and Section 1983 claims).

In the Fifth Circuit, a State waives its Eleventh Amendment immunity *to suit but not to liability* in removing a case to federal court. *See Meyers v. Texas*, 410 F.3d 236, 244 n.7, 252-53 (5th Cir. 2005). In *Meyers*, the Fifth Circuit reasoned that Supreme Court case law recognizes

---

[2] *Will* also recognizes that state agencies such as the Office of Secretary of State and official-capacity state officers are not "persons" subject to § 1983 liability. *See Will*, 491 U.S. at 71.

[3] Again, the Complaint appears to lack such a claim.

that "a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately—immunity from suit and immunity from liability." *Id.* The *Meyers* Court concluded that a State may retain immunity from liability while waiving immunity from suit:

> The Constitution guarantees a state's prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit for purposes of waiver or relinquishment. For these reasons, we conclude that the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but that it does not require a state to do so.

*Id.* at 255; *see also Lombardo v. Pennsylvania Dep't of Public Welfare*, 540 F.3d 190, 198 (3rd Cir. 2008) (holding that voluntary removal by state waived immunity from suit in federal forum but did not waive immunity from liability). Mississippi federal courts have repeatedly affirmed this rule and dismissed removed claims against the State on the basis of Eleventh Amendment immunity. *See Dansby-Giles v. Jackson State Univ.*, Nos. 3:07–CV–452 HTW–LRA, 3:07–CV–597 HTW–LRA, 2010 WL 780531 (S.D. Miss. Feb. 28, 2010); *Delaney v. Mississippi Dep't of Public Safety*, No. 3:12CV229TSL–MTP, 2013 WL 286365, *3 (S.D. Miss. Jan.24, 2013) (concluding that while removal resulted in waiver of Eleventh Amendment immunity from suit in federal court, plaintiff's federal claims were due to be dismissed based on state's sovereign immunity from liability because "Mississippi has not waived its immunity from liability as to claims under §§ 1981, 1983, 1985 and 1986")); *Barrett v. Miss. Dep't of Public Safety*, No. 3:11CV185TSL–JMR, 2013 WL 4015094 (S.D. Miss. Aug. 6, 2013). Here, then, Mississippi's Eleventh Amendment immunity bars suit against the Office of the Secretary of State for purported violations of § 1983.

### B. The individual-capacity defendants' qualified immunity bars Mr. Jones' §1983 claims against them.

Even though the Eleventh Amendment doesn't bar assertion of individual-capacity damages claims under § 1983, the defendants may still defeat them by asserting qualified immunity. The doctrine of qualified immunity shields government officials from civil liability and the burdens of litigation if their actions were objectively reasonable in light of clearly established law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Analysis of qualified immunity requires a two-pronged inquiry. The threshold question asks whether the facts—when viewed in the light most favorable to the plaintiff—establish that the officials' conduct violated a protected right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no rights would have been violated, the qualified-immunity analysis comes to a quick end with dismissal of the plaintiff's claims. If the alleged facts *would* show a violation of a right, the second step in the qualified-immunity analysis asks "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* at 202. An official is entitled to immunity as long as he acted reasonably and even if he ultimately was wrong about the legality of his actions. Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violated the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Additionally, the plaintiff bears the burden of rebutting the application of qualified immunity. *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997).

In assessing the plaintiff's claim, courts must analyze the allegations under a "heightened pleading requirement." *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). The Fifth Circuit has described the standard in cases implicating immunity defenses as follows:

> "In the now familiar cases invoking 42 U.S.C. § 1983 we consistently require the claimant to state specific facts, not merely conclusory allegations." *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir.1985). *See also Hobson v. Wilson*, 737 F.2d 1, 30 (D.C.Cir.1984) ("every ... circuit has articulated a requirement of particularity on pleading for civil rights complaints"), cert. denied,

> ––– U.S. –––, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). Moreover, we have recently recognized a special tension in cases involving civil rights complaints against public officials for actions undertaken in their official capacities. In this context, liberal notions of notice pleading must ultimately give way to immunity doctrines that protect us from having the work of our public officials chilled or disrupted by participation in the trial or the pretrial development of civil lawsuits. Thus, in *Elliot*, we held that, to commence a lawsuit against a public official for acts for which he is potentially immune, the complaint must allege "with particularity all material facts on which [the claimant] contends he will establish his right to recovery, which will include detailed facts supporting the contention that the plea of immunity cannot be sustained." *Id.* 751 F.2d at 1482.

*Morrison v. City of Baton Rouge*, 761 F.2d 242, 244-245 (5th Cir. 1985); *Brown v. Texas A&M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he plaintiff must plead specific facts with sufficient particularity to meet all the elements necessary to lay a foundation for recovery, including those necessary to negative the defense of qualified immunity.")

To meet this heightened pleading standard, a plaintiff cannot rely on shotgun allegations or bald conclusory allegations of constitutional violations. *Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991, 995 (5th Cir. 1995). In *Reyes v. Sazan*, the Fifth Circuit held that "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes*, 168 F.3d 158, 161 (5th Cir. 1999). Similarly, in *Wicks*, the Court held that a plaintiff must allege "facts specifically focusing on the conduct" of the defendant who caused his injury. *Wicks*, 41 F.3d at 995.

Mr. Jones has alleged a violation of a constitutional right—that is, purported discrimination against him motivated by race. However, to maintain an individual claim of liability against each individual, the plaintiff must also show that each of the four individual defendants' conduct was objectively unreasonable. Here, the Complaint's allegations regarding each individual defendant fall well short of that mark, exemplifying the conclusory assertions

255845.1

9

which the Fifth Circuit has deemed insufficient to overcome qualified immunity. Regarding his failure-to-promote claim, Mr. Jones alleges merely that Secretary Hosemann, Mr. Davis, Ms. Turner and Ms. Thornhill "conspired, colluded and collaborated to deny the Plaintiff the position of director of compliance." *See* Complaint, at ¶12. It fails to substantiate this claim of a conspiracy between the individual defendants with reference to any alleged facts. Likewise, Mr. Jones charges that the defendants mounted an "illegal" investigation into the conduct that led to the termination of his employment, neglecting to explain what made the investigation "illegal." *See* Complaint, at ¶17. Having set forth no "specific facts" of objective violations of a constitutional right by the individual defendants, Mr. Jones has failed to establish a § 1983 claim which can overcome qualified immunity.

In sum, the Defendants' Eleventh Amendment immunity and qualified immunity leave Mr. Jones without a claim under § 1983. The Eleventh Amendment precludes § 1983 suits against state agencies or state officers acting in their official capacities. The Defendants' assertion of qualified immunity may only be negated with specific factual allegations which Mr. Jones has failed to plead.

### III. Mr. Jones' Title VII claims against individual defendants are invalid as a matter of law.

It is well-settled that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. National Communications, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-449 (5th Cir. 2002)); *see also Clayton v. Orleans Parish Sch. Bd.*, 649 F.2d 1084 (5th Cir. 1981) (holding that supervisor who implemented a maternity leave policy that violated the terms of Title VII could not be held individually liable under the Act). The Southern District of Mississippi recently applied these principles to grant a Rule 12(b)(6) motion to dismiss official-capacity and individual-capacity

Title VII claims against officers of the Department of Public Safety. *See Kirk v. Miss. Dep't of Public Safety*, No. 3:14-cv-537-WHB-RHW, 2015 WL 13631066, *4 (S.D. Miss. Feb. 3, 2015). In this case, therefore, the Court must dismiss all Title VII claims against Secretary Hosemann, Mr. Davis, Ms. Thornhill and Ms. Turner.

**IV.     Any Title VII claim relating to the agency's termination of Mr. Jones' employment is untenable given his failure to exhaust administrative remedies— and is now time-barred entirely.**

Courts may not consider claims brought under Title VII which were not included in a charge of discrimination with the EEOC. *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711–12 (5th Cir. 1994). Accordingly, a Title VII lawsuit "may extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Clayton v. Rumsfeld*, 106 F. App'x. 268, 271 (5th Cir. 2004) (internal citations and quotation marks omitted). To determine what could reasonably grow out of a charge, a district court considers the factual statements contained within a charge and views them in the broadest reasonable sense. *Id.* Applying these standards, a Mississippi federal court has held that, where there is no evidence that EEOC was "aware of or considered the Plaintiff's termination," a wrongful-termination suit could not reasonably be expected to grow out of the charge of discrimination. *See Simmons–Myers v. Caesars Entertainment Corp.*, No. 10–cv216, 2012 WL 2885366, at *4-*6 (N.D. Miss. July 13, 2012).

Here, the Complaint allows no conclusion that the EEOC was "aware of or considered [Mr. Jones'] termination." Thus, any claim in the Complaint arising from Mr. Jones' dismissal is barred for failure to exhaust administrative remedies. Additionally, Mr. Jones has lost permanently the right to bring such a claim. A Title VII plaintiff must file an EEOC charge "within one hundred and eighty days after the alleged unlawful employment practice occurred...." 42 U.S.C. § 2000e–5(e)(1). This limitations period "begins to run from the time the

complainant knows or reasonably should have known that the challenged act has occurred." *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir.2002) (citations and quotations omitted). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" occurring outside of this 180–day window are untimely filed and no longer actionable." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002). Mr. Jones became aware of his termination on October 30 via a Notice of Termination. *See* Complaint, at ¶21. Adding 180 days to that date sets Saturday, April 28, as Mr. Jones' deadline for complaining about his termination to the EEOC. Monday, April 30, was the next business day and therefore the actual deadline. Because Mr. Jones has not filed an EEOC Charge of Discrimination relating to his dismissal by the Office of Secretary of State, that event can provide no basis for a Title VII claim against the agency.

## V. "Mississippi common law" provides no basis for an employment-discrimination suit.

Mr. Jones also purports to base his Complaint on "Mississippi common law." But Mississippi common law does not provide for an employment-discrimination action. And, if it did, such a claim would remain untenable in federal court. *See Pennhurst*, 465 U.S. at 106 (recognizing that the Eleventh Amendment bars all state-law claims asserted against the State in federal court, including even state-law claims seeking prospective injunctive relief against official-capacity defendants).

## **CONCLUSION**

For the reasons stated above, Mr. Jones' Title VII claim for failure to promote is the only element of his Complaint that can pass even Rule 12 scrutiny. The remaining claims should be dismissed with prejudice. The agency, meanwhile, reserves all defenses against the failure-to-promote claim.

Respectfully submitted this, the 7th day of May, 2018.

    MISSISSIPPI SECRETARY OF STATE'S OFFICE; THE MISSISSIPPI SECRETARY OF STATE DELBERT HOSEMANN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CARLA THORNHILL, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; DOUG DAVIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND KIM TURNER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY

BY:    Balch & Bingham LLP


BY:    s/ Benjamin Bryant
        *Of Counsel*

Armin J. Moeller, Jr. (3399)
E-mail: amoeller@balch.com
Ashley Eley Cannady (101253)
E-mail: acannady@balch.com
Benjamin Bryant (103623)
E-mail: bbryant@balch.com
M. Patrick Everman (104870)
E-mail: peverman@balch.com
BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

## **CERTIFICATE OF SERVICE**

  I, the undersigned counsel, do hereby certify that I have this day served, via the Court's Electronic Filing System, a true and correct copy of the above and foregoing document to all counsel of record.

  This, the 7th day of May, 2018.

/s/ Benjamin Bryant
Of Counsel
