IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENNETH M. JONES**                                                                  **PLAINTIFF**

vs.                                              CIVIL ACTION NO.: 3:18-cv-281-CWR-FKB

**THE MISSISSIPPI SECRETARY OF
OF STATE'S OFFICE,
CARLA THORNHILL, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY,
DOUG DAVIS, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY, KIM TURNER,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AND JOHN DOES 1-10**                                       **DEFENDANTS**

## AMENDED COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW, the Plaintiff, Kenneth M. Jones (hereafter "Plaintiff") by and through undersigned counsel of record and files this Amended Complaint against the Defendants, The Mississippi Secretary of State ("MSOS"), Carla Thornhill, Individually and in Her Official Capacity, Doug Davis, Individually and in His Official Capacity, Kim Turner, Individually for cause would show unto this Honorable Court the following, to wit:

### NATURE OF THE ACTION

1. This is an employment discrimination action, brought pursuant to the provisions of the Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5 ("Title VII"), 42 U.S.C. § 1983 ("Section 1983"), and 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section, 1981"), and Mississippi common law.

### PARTIES

2. The Plaintiff, KENNETH M. JONES, is an adult resident of the state of Mississippi.

3. Defendant, the Mississippi Secrtary of State's Office (hereafter "MSOS"), is a governmental entity in the State of Mississippi and may be served with process at the Office of the Attorney General, located at 550 High Street #1200, Jackson, Mississippi 39201.

4. Defendant, Doug Jones ("Jones") is an officer of the State of Mississippi and may be served with process at the Office of the Attorney General, located at 550 High Street #1200, Jackson, Mississippi 39201.

5. Defendant, Carla Thornhill ("Thornhill") is an officer of the State of Mississippi and may be served with process at the Office of the Attorney General, located at 550 High Street #1200, Jackson, Mississippi 39201.

6. Defendant, Kim Turner ("Turner") is an officer of the State of Mississippi and may be served with process at the Office of the Attorney General, located at 550 High Street #1200, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

7. The United States District Court for the Southern District of Mississippi has jurisdiction over the subject matter of this action pursuant to the nature of the claims made and the basis of this suit.

8. Venue is proper in the Northern Division of the United States District Court for the Southern District of Mississippi.

## FACTS

9. The Plaintiff adopts and herein incorporates by reference each and every allegation as set forth above.

10. Kenneth M. Jones ("Mr. Jones") is an African American Male who was initially hired by the Mississippi Secretary of State (MSOS) in June 2006, as a Lobbying Compliance

Officer. In January, 2016, he applied for the position of Director of Compliance at the MSOS. He interviewed for the position in March 2016, and was informed in May, 2016 that he was not selected for the job. The only reason given for his non-selection was that he was not the "right fit."

11.     Defendants, Delbert the Mississippi Secretary of State, along with Doug Davis, Chief of Staff, Kim Turner, Assistant Secretary of State for Election, and Carla Thornhill, MSOS Human Resources Director conspired, colluded, and collaborated to deny the Plaintiff the position of Director of Compliance at the MSOS. The decision not to promote the Plaintiff was based on his race.

12.     The person who was ultimately hired for the position of Director of Compliance was a white male, with less experience, less education, and less qualified than Mr. Jones.

13.     On or about June 14, 2016, Mr. Jones filed a Charge of Discrimination ("Charge") against his employer, the MSOS, alleging that he was illegally denied this promotion because of his race, black, in violation of Title VII of the Civil Rights Act of 1964 as amended.

14.     On or about July 20, 2017, the U.S. Equal Employment Opportunity Commission ("EEOC") issued its Letter of Determination, finding that its investigation established reasonable cause to believe that Mr. Jones was discriminated against in violation of Title VII of the Civil Rights Act of 1964 as amended. The evidence showed that Mr. Jones was not promoted into the Director of Compliance position because of his race and in retaliation for opposing a protected activity. Specifically, Mr. Jones had ten (10) years of work related experience and a bachelor's degree in political science plus a master's degree in public administration while the successful white applicant had only nine (9) months of work related experience and a degree in accounting

plus five (5) years of coaching experience. The evidence further showed Mr. Jones' subjective interview conducted by a white official was discriminatory on its face. Direct evidence also showed that his non-selection for promotion was directly linked to his protest of his employer's discriminatory practices.

15. On or about August 23, 2017, the MSOS, through its counsel, sent correspondence to the EEOC requesting reconsideration of the Letter of Determination.

16. On or about September 17, 2017, the Plaintiff was reported as having been in the office building of the MSOS after hours. The Plaintiff advised the individual of his purpose of being in the building at that time. Nevertheless, the Defendants, Davis, Thornhill, and Turner initiated an investigation into the reason why the Plaintiff was in the building after hours, even though they were aware of the reason. This investigation into the Plaintiff was a pre-textual means to terminate his employment.

17. Meanwhile, on October 11, 2017, the EEOC concluded that the evidence submitted by the MSOS was not sufficient to warrant a different determination and denied the request for reconsideration.

18. The very next day, on October 12, 2017, the MSOS sent a Pre-Disciplinary Action Notice to Mr. Jones, advising of its intent to give him notice of the intent of the agency to go forward with a disciplinary action, which could result in a written reprimand, suspension without pay, demotion or termination.

19. A Disciplinary hearing was held on October 24, 2017 by the Defendants, Davis, Thornhill, and Turner.

20. The Defendants, Davis, Thornhill, and Turner, decided to terminate the Plaintiff's

employment in retaliation for his filing of the EEOC claim.   On October 30, 2017, the MSOS informed Mr. Jones that his employment was being terminated for violating MSOS policies.

## COUNT ONE- CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C §1983
## (DAVIS, THORNHILL, TURNER)

21.     The Plaintiff adopts and herein incorporates by reference each and every allegation as set forth above.

22.     The actions of the Defendants, Thornhill, Turner, and Davis  in their individual capacity violate 42 U.S.C. § 1983 in violation of Plaintiff's rights - substantive and procedural - secured and guaranteed to him by the 1st and 14th amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of his federal rights under the color of state law.

23.     Thornhill, Turner, and Davis, in their individual and official capacities perpetuated, ratified, and executed on behalf of each other and the MSOS, the discriminatory policy of disparate treatment of African American employees such as the Plaintiff with respect to his employment relationship with the MSOS.

24.     By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the intentional discrimination. Such unlawful employment practices either violate or permit lawful remedies and damages pursuant to 42 U.S.C. § 1983, § 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

## COUNT TWO- 42 U.S.C. §1981 RACIAL DISCRIMINATION
## (DAVIS, THORNHILL, TURNER)

25.     The Plaintiff adopts and herein incorporates by reference each and every allegation as set forth above.

26. As stated herein, the Defendants continue in their discriminatory practices in the form of extending employment terms and the enforcement of those terms to African American employees such as the Plaintiff, that are discriminatory.

27. The Plaintiff herein alleges that the Defendants' discriminatory practices include, but are not limited to, discrimination in the negotiation, formation, execution, and termination of employment contracts as alleged in this Complaint. Plaintiff seeks equitable monetary relief from these practices; compensatory and punitive damages; equitable remedies of accounting, restitution and disgorgement; and an award of costs, expenses, and attorneys' fees.

28. Defendants' actions, as described above, constitutes as conduct made because of race and is in violation of racial discrimination, under 42 U.S.C. § 1981a.

29. Pursuant to 42 U.S.C. §1981a, Defendants' conduct constitutes as an intentional discrimination based on race, which is considered "disparate treatment" and are strictly prohibited. The Plaintiff seeks remedies and damages against these state actors under 42 U.S.C. §1981, through his claims brought pursuant 42 U.S.C. Section 1983 (infra), and the United States Supreme Court holding in *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989).

### COUNT THREE- TITLE VII OF THE CIVIL RIGHTS ACT OF 1967, AS AMENDED, 42 U.S.C. § 2000E-5 RACIAL DISCRIMINATION (MISSISSIPPI SECRETARY OF STATE'S OFFICE)

30. The Plaintiff adopts and herein incorporates by reference each and every allegation as set forth above.

31. The Plaintiff has filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to his claim of employment discrimination for being denied a promotion to the MSOS Director of Compliance position because of his race and in

retaliation for opposing a protected activity. (See Exb. "A") The EEOC has issued its right to sue letter, and this action has been timely filed. (See Composite Exb. "B").

32. The Plaintiff filed a subsequent charge before the United States Equal Employment Opportunity Commission (EEOC) relating to his claim of employment discrimination for being wrongfully terminated by the MSOS on or about October 30, 2017, because of his race and in retaliation for opposing a protected activity. (See Exb. "C") The EEOC has issued its right to sue letter, and this amended Complaint has been timely filed. (See Composite Exb. "D").

33. MSOS' actions, as described above, constitutes as conduct made because of race and is in violation of racial discrimination, under 42 U.S.C. § 2000E-5. Pursuant to 42 U.S.C. § 2000E-5, MSOS' conduct constitutes as an intentional discrimination based on race, which is considered "disparate treatment" and "retaliatory" in nature, and are strictly prohibited.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of Mississippi;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

E.	An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F.	An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G.	An award of punitive damages;

H.	An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I.	Such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 21st day of February, 2019

**KENNETH M. JONES**

By:	 /s/John C. Hall, II

JOHN C. HALL, II

OF COUNSEL:
JOHN C. HALL, II (MSB#: 99384)
THE HALL LAW GROUP, PLLC
263 E. PEARL ST.
JACKSON, MS 39201
Office: (601) 398-2089
Fax: (601) 812-6266
E-mail: jhall@halllawgrp.com
*Attorney for Plaintiff*


E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
TANNER & ASSOCIATES, LLC
Post Office Box 3709
Jackson, Mississippi 39207
601.460.1745 (telephone)
662.796.3509 (facsimile)
carlos.tanner@thetannerlawfirm.com